STATE EX REL. MARGARET E. McNAMARA
*vs.*
THE CIVIL SERVICE COMMISSION OF THE
CITY OF BRIDGEPORT

Superior Court        Fairfield County        File No. 62131

MEMORANDUM FILED MAY 13, 1941.

*Reich & Reich,* of Bridgeport, for the Plaintiff.

*Harry Schwartz,* of Bridgeport, for the Defendant.

INGLIS, J. This is a mandamus proceeding brought to compel the respondent to review the dismissal of the relator from the position of assistant tax collector. The sole question is as to whether the position of assistant tax collector is excluded from the classified service in Bridgeport by virtue of section 205 (b) of the 1935 revision of the Bridgeport charter, which places in the unclassified service "all executive offices or positions specifically created by charter and the method of filling which is now governed by specific and express provisions of the charter."

The provision of the charter under which the relator was appointed is found in section 109, which defines the duties of the tax collector and reads in part as follows: "The collector shall have the power to appoint an assistant collector to assist him in the performance of his duties."

One question which has been argued is as to whether this provision creates an office or position so that the office or position is one which is "specifically created by charter" as those words are used in section 205. It is concluded on the whole

that it is. Although the provision does not require the tax collector to fill the position, the effect of the provision is that it sets up or creates the office and then leaves it to the tax collector to fill it. To interpret it as giving to the tax collector the power to create the office or not as he sees fit would be giving to an administrative officer legislative power and it is not conceivable that the Legislature intended that.

The other question in the case is as to whether the position is an "executive office or position" as that phrase is used in section 205. Under the charter, the duties of the office are simply to assist the tax collector. In practice the incumbent has been practically an office manager. She had done nothing except under the direction of the tax collector. She has supervised the routine of the office but she has never had authority to make decisions on matters of policy. She has in truth assisted the tax collector simply as a subordinate not in any sense having sole responsibility for any department or even any bureau in the city government.

When the words executive offices and positions are used in section 205 they are intended to mean executive in the ordinary sense, not as distinguished from legislative or judicial, but as distinguished from subordinate. The executive as meant is one who is at the head of some department and who has the responsibility of forming the policies of that department. Clearly the position of assistant tax collector was not an executive position in that sense of the word. The office accordingly was not in the unclassified service but was in the classified service and therefore was subject to civil service.

Being in the classified service the holder of the position is entitled upon her discharge to a hearing before the Civil Service Commission as provided in section 223 of the charter, if she appeals to that commission.

Judgment may enter issuing a peremptory writ of mandamus as prayed in the complaint and that the relator recover her taxable costs of the respondents.